# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 20 2017, 10:09 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Karen Celestino-Horseman
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Allan Highwood,<br>*Appellant-Defendant*,<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff*. | November 20, 2017<br><br>Court of Appeals Case No.<br>49A02-1705-CR-1083<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Mark D. Stoner, Judge<br><br>The Honorable Jeffrey L. Marchal, Magistrate<br><br>Trial Court Cause No.<br>49G06-1607-F5-28829 |

**Brown, Judge.**

[1] Allan Highwood appeals his conviction for battery by means of a deadly weapon as a level 5 felony. Highwood raises one issue which we revise and restate as whether the evidence is sufficient to sustain his conviction. We affirm.

*Facts and Procedural History*

[2] On July 20, 2016, L.K. and her daughter D.B. were in their home in Marion County when there was a knock at the door, D.B. answered the door, and four individuals, including Highwood and his cousin Randy Jones, pushed their way in. L.K. heard screaming and exited the kitchen, observed that D.B. was "laying on top" of a "little picnic table" and that the four individuals were "over the top of" D.B. and punching her and pulling her hair. Transcript at 49. "[T]here was punches being thrown every direction." *Id.* at 50. Highwood was "over the top" of D.B. and threatening her. *Id.* L.K. attempted to defend D.B. and was attacked, punched, kicked, and hit. Highwood punched L.K. with a closed fist. Highwood had a small black knife and, in swinging it, struck L.K. on her chest area or arm. Highwood and the others eventually exited the house, Highwood stated that he was going to come back and shoot up the house, and they left the premises.

[3] On July 29, 2016, the State charged Highwood with: Count I, battery by means of a deadly weapon against D.B. as a level 5 felony; Count II, battery by means of a deadly weapon against L.K. as a level 5 felony; Count III, domestic battery as a level 6 felony; Count IV, intimidation as a level 6 felony; Count V,

domestic battery as a class A misdemeanor; and Count VI, battery against L.K. resulting in bodily injury as a class A misdemeanor. The State also alleged Highwood was an habitual offender. The court held a bench trial at which it heard the testimony of L.K. and D.B. L.K. testified that Highwood had a small black knife and Jones had a black box cutter. The court found Highwood guilty under Counts II and VI, and Highwood admitted to being an habitual offender. The court merged Count VI into the conviction under Count II and sentenced him to one year under Count II enhanced by two years for being an habitual offender for an aggregate sentence of three years.

## *Discussion*

[4] The issue is whether the evidence is sufficient to sustain Highwood's conviction. When reviewing the sufficiency of the evidence to support a conviction, we must consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not assess witness credibility or reweigh the evidence. *Id.* We consider conflicting evidence most favorably to the trial court's ruling. *Id*. We affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id*. It is not necessary that the evidence overcome every reasonable hypothesis of innocence. *Id.* at 147. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. *Id.*

[5] Ind. Code § 35-42-2-1 provides that "a person who knowingly or intentionally: . . . touches another person in a rude, insolent, or angry manner . . . commits battery, a Class B misdemeanor," and that the offense is a level 5 felony if it is committed with a deadly weapon. A deadly weapon includes "[a] destructive device, weapon, device, . . . , equipment, . . . or other material that in the manner it: (A) is used; (B) could ordinarily be used; or (C) is intended to be used; is readily capable of causing serious bodily injury." Ind. Code § 35-31.5-2-86. The State alleged under Count II that Highwood "did knowingly touch [L.K.] in a rude, insolent, or angry manner, said touching being committed with a deadly weapon, a box cutter and/or knife and/or baseball bat and/or stick." Appellant's Appendix Volume II at 21. A person engages in conduct "knowingly" if, when he engages in the conduct, he is aware of a high probability that he is doing so. Ind. Code § 35-41-2-2(b).

[6] Highwood contends that there was no evidence that he struck L.K. with anything other than his fist and that L.K. did not know if he cut her with a blade. He does not argue that a knife cannot constitute a deadly weapon. The State responds that the evidence is sufficient to show that Highwood battered L.K. with a deadly weapon, points out that L.K. testified that Highwood did make contact with her body with a knife, and that, while L.K. was not sure whose knife caused which injury, she testified she was struck by Highwood and Jones with a knife at the same time.

[7] At the bench trial, the prosecutor elicited the following testimony from L.K.:

[Prosecutor]:  Is there anything else that you saw Randy Jones, and we're just talking about the bladed objects, is there anything else that you saw Randy Jones do at any time that evening with that bladed object?

[L.K.]:  Yes, he had specifically had it in his hand, and he went to swing down, and as he did, at the same time, [] Highwood, well [] Highwood has specifically swung at the same time, and I was struck on my chest area here, and also once on my arm. And I mean, to be honest, I can't tell you which one landed which place.  Because I was cut on my chest area and on my arm.

[Prosecutor]:  Okay.  So they both had bladed objects.

[L.K.]:  Correct.

[Prosecutor]:  They both swung down.

[L.K.]:  Correct.

[Prosecutor]:  And one of them, although you can't say for sure which one -

[L.K.]:  No, I cannot.

[Prosecutor]:  -- was responsible for the injury that you had, a cut injury you had to your chest -

[L.K.]:  Correct.

[Prosecutor]:  -- and one to your arm as well. . . .

Transcript at 55-56.  When later asked about a scrape as shown in a photograph, L.K. testified "that one just shows some bruising and the small laceration right here where I was scraped with one of the blades as well," and when asked if she remembered specifically how she received that scrape, she

answered that it was Highwood. *Id.* at 58. Subsequently, on cross-examination, when asked "about the cuts that you sustained, the ones on your arm, and the ones on your chest, . . . I believe from your initial testimony, you said you didn't know who was responsible for which cuts, being Randy Jones and Mr. Highwood," L.K. answered affirmatively, and when asked "when you were looking at pictures, you stated that Mr. Highwood was responsible for the cuts to your arm," she again answered affirmatively. *Id.* at 76. L.K. testified "it was pretty chaotic at the time, and that's what I had recently stated as well, that I mean, they was both there, they was both swinging, but I know specifically what he had done, and at the time, like I said, his arm was the closest, so, yes, I'm assuming that it was definitely --," Highwood's defense counsel interrupted L.K. stating "I'm not asking you to assume. I'm asking what you knew," and L.K. indicated that she did not know for sure. *Id.* at 76-77.

[8] While L.K. was not sure whether the knife in Highwood's hand struck her chest area or arm when he swung the knife at her, the trier of fact could reasonably conclude from the testimony that Highwood did swing a knife at L.K. and that the knife or blade struck or scraped her on either the chest or arm. Based upon the record, we conclude that evidence of probative value was presented from which the trial court as the trier of fact could find beyond a reasonable doubt that Highwood committed the offense of battery by means of a deadly weapon as a level 5 felony.

## *Conclusion*

[9]     For the foregoing reasons, we affirm Highwood's conviction.

[10]    Affirmed.

Baker, J., and Riley, J., concur.